NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**TRAMEC SLOAN LLC,**
*Plaintiff-Appellee*

**v.**

**TARUN N. SURTI,**
*Defendant-Appellant*

———————————

2026-1117

———————————

Appeal from the United States District Court for the Western District of Michigan in No. 1:25-cv-00374-PLM-MV, Judge Paul L. Maloney.

———————————

Decided:  July 13, 2026

———————————

GEORGE THOMAS WILLIAMS, III, McGarry Bair PC, Grand Rapids, MI, for plaintiff-appellee.

TARUN N. SURTI, Brentwood, TN, pro se.

———————————

Before MOORE, *Chief Judge*, LOURIE and HUGHES, *Circuit Judges*.

PER CURIAM.

Tarun N. Surti appeals a decision of the United States District Court for the Western District of Michigan to the extent it denied his motion to dismiss or transfer venue. Because the decision of the district court is neither a final judgment nor otherwise properly before us, we dismiss.

I

Plaintiff-Appellee Tramec Sloan LLC (Tramec) manufactures the AeroFlap mudflap. The AeroFlap is part of the Fleet Engineers, Inc. (Fleet) brand, which Tramec acquired as part of a 2018 asset sale that also resulted in Fleet changing its name.

Prior to this suit, certain AeroFlap designs offered by Fleet were the subject of infringement litigation between Fleet and Defendant-Appellant Mr. Surti, who owns U.S. Patent No. 8,146,949, reissued as Patent No. RE44,755. As part of those proceedings, the district court determined that Fleet did not prove the invalidity of the '755 patent. At trial, however, the jury found that a subset of Fleet's products did not infringe the asserted claims of the '755 patent. After the parties filed cross-appeals, this court affirmed. *Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*, No. 2022-2001, 2023 WL 5219773, at *1 (Fed. Cir. Aug. 15, 2023).

After that prior litigation, Tramec created a new Aero-Flap design in an attempt to avoid the '755 patent. Despite this redesign, Mr. Surti filed a second infringement suit in the United States District Court for the Middle District of Tennessee, naming the now nonexistent entity Fleet as the defendant. Tramec then filed a declaratory judgment action in the United States District Court for the Western District of Michigan seeking judgments of noninfringement and invalidity regarding the '755 patent. Mr. Surti filed a motion to dismiss the declaratory judgment action, or in the alternative, transfer venue to the Middle District of Tennessee. Mr. Surti's motion argued that the declaratory judgment action was barred under the doctrines of res judicata and collateral estoppel; that venue was improper in

the Western District of Michigan and that the action should be dismissed or transferred pursuant to 28 U.S.C. § 1406(a); and that, even if venue were proper in the Western District of Michigan, transfer was warranted to the Middle District of Tennessee under 28 U.S.C. § 1404(a).

The district court denied Mr. Surti's motion. *Tramec Sloan, LLC v. Surti*, No. 25-CV-374, 2025 WL 3126104, at *1 (W.D. Mich. Oct. 23, 2025) (*Decision*). It first reasoned that because the present action concerns a redesigned AeroFlap product, distinct from the products for which infringement was previously litigated, the defense of res judicata did not bar Tramec's claim for declaratory judgment of noninfringement. *Id.* at *2–3. The district court then determined that venue was proper in the Western District of Michigan under either the general venue statute or the patent venue statute because Tramec makes the AeroFlap product, sells it, and distributes it in the district. *Id.* at *3. Finally, the court rejected Mr. Surti's transfer arguments under 28 U.S.C. § 1404(a), reasoning that the private and public factors did not favor transfer to the Middle District of Tennessee. *Id.* at *3–4.

Mr. Surti appealed to this court.

## II

On appeal, Mr. Surti argues that the district court erred by failing to apply claim preclusion to the declaratory judgment action and by failing to transfer the action. Tramec responds that we lack jurisdiction over this appeal and must dismiss.

## A

"We apply our own law, rather than regional circuit law, to questions relating to our own appellate jurisdiction." *Int'l Elec. Tech. Corp. v. Hughes Aircraft Co.*, 476 F.3d 1329, 1330 (Fed. Cir. 2007). Generally, "[o]ur jurisdiction is limited to review of final decisions of district courts." *Connaught Lab'ys, Inc. v. SmithKline Beecham*

*P.L.C.*, 165 F.3d 1368, 1369 (Fed. Cir. 1999) (cleaned up); *see* 28 U.S.C. §§ 1291, 1295(a)(1). A final decision is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 963 (Fed. Cir. 1997) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

There are limited exceptions to the final judgment rule. For example, 28 U.S.C. § 1292(b) provides that if a district judge certifies in writing that an order, not otherwise appealable, "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," an appellate court may, "in its discretion," permit an appeal to be taken from that order. Separately, under the collateral order doctrine, a "narrow exception" to the final judgment rule, "trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal" are afforded a chance at appellate review. *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1357 (Fed. Cir. 2020) (quoting *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430–31 (1985)); *see also Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

B

Mr. Surti fails to establish our jurisdiction over his appeal under any relevant statute or legal doctrine.

First, despite Mr. Surti's contention, we lack jurisdiction under § 1295(a)(1). An appeal from a denial of a motion to dismiss is "interlocutory and is not an appeal from a final decision." *Aleut Tribe v. United States*, 702 F.2d 1015, 1019 (Fed. Cir. 1983). Likewise, because the denial of a motion to transfer does not end the litigation on the merits, appeals from such denials are also interlocutory. *See F.D.I.C.*

*v. Maco Bancorp, Inc.*, 125 F.3d 1446, 1447 (Fed. Cir. 1997).[1]

Second, Mr. Surti's assertion of jurisdiction under § 1292(b) also lacks merit because that statute requires the district court to certify its order for interlocutory review, which the court did not do. *See Decision,* 2025 WL 3126104, at *1–5. We therefore do not find jurisdiction over Mr. Surti's appeal under § 1292(b).

Finally, although Mr. Surti is correct that review of the denial of a transfer motion can be sought through mandamus, *see In re HTC Corp.*, 889 F.3d 1349, 1352 n.3 (Fed. Cir. 2018) (collecting cases), Mr. Surti has failed to petition for this relief. And even if we were to liberally construe his briefing as seeking mandamus, he has failed to meet the high burden for such relief. In particular, a petitioner for mandamus relief must show, among other things, that "his right to issuance of the writ is clear and indisputable." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004) (cleaned up). Mr. Surti falls far short of this hurdle: Here, the district court correctly analyzed venue under both 28 U.S.C. §§ 1391(b) and 1400 to conclude that venue was proper in the Western District of Michigan. *Decision,* 2025 WL 3126104, at *3. And the district court reasonably weighed the relevant factors under § 1404(a) and considered Mr. Surti's arguments before concluding that transfer to the Middle District of Tennessee was unjustified. *Id.* at *3–4. We see no error sufficient to warrant mandamus in these conclusions.

---

[1]    A denial of a transfer motion also does not qualify for immediate appeal under the collateral order doctrine. *Accord In re Carefirst of Md., Inc.*, 305 F.3d 253, 256 (4th Cir. 2002); *cf. Maco Bancorp,* 125 F.3d at 1447.

## III

We have considered Mr. Surti's remaining arguments and find them unpersuasive. Because Mr. Surti's appeal is not from a final judgment, and because the district court's order does not otherwise qualify as appealable, we dismiss Mr. Surti's appeal for lack of jurisdiction.

**DISMISSED**

Costs

No costs.